PER CURIAM.
In these two cases[1] J.M. and E.F. separately appeal an order terminating their parental rights towards their daughter, C.F., and adjudicating C.F. dependent. We affirm.
In its order the trial court, after setting forth seventeen paragraphs of detailed findings based upon competent and substantial evidence in the record, concluded as follows:
19. The elements of Section 39.464, Florida Statutes, have been met as to this child in that:
*794 A. The foregoing conduct on the part of both parents constitutes severe and continuing neglect of [C.F.] as contemplated by Section 39.464(3) Florida Statutes.
B. The natural parents of [C.F.] have demonstrated abandonment, neglect, and prospective abuses and neglect, as defined in Section 39.01(1), (2), and (37), Florida Statutes.
C. The natural parents of [C.F.] have demonstrated severe or continuing abuse or neglect as defined in Section 39.464(3), engaged in conduct toward the child which demonstrates that continuing involvement of the natural parents in the parent-child relationship, threatens the well-being of the child, regardless of the provision of services.
D. That the natural parents have demonstrated egregious abuse as defined in Section 39.464(4), Florida Statutes, to the extent that they engaged in conduct which endangered the life, health, and safety of the child. The parents had the opportunity and capability to prevent such conduct, and knowingly failed to do so. The conduct of the parents has been deplorable, flagrant, and outrageous by a normal standard of conduct.
E. The natural parents have demonstrated continuing neglect and abandonment of [C.F.], as evidenced by their failure to evince a settled purpose to assume all of their parental duties. Even if the parents were able to evince such a purpose, the child’s emotional constitution is so fragile, a forced reunification with either of the natural parents would likely aggravate the existing emotional damage sustained by the child, and would potentially impair her ability to develop as an emotionally stable individual. The prior conduct, neglect and abandonment of [C.F.] by the natural parents conclusively demonstrates that any continued involvement with the natural parents would threaten the life and well being of the child.
F. Considered evaluation of all of the relevant factors, including, but not limited to the factors set forth in Section [39.467(2) ], Florida Statutes, establishes that it is in the manifest best interest of the child to terminate parental rights of the natural parents.
G.It is manifestly in the best interest of this child that termination of parental rights occur because the following factors demonstrate the parents’ inability to appropriately provide for the child for the following reasons:
(1) Neither parent has demonstrated the ability to deal with the severe emotional problems of this child.
(2) The natural mother has not demonstrated the ability or disposition to provide this child with food, clothing, or medical care. The natural father may have the ability to provide necessities for the child, but he has not demonstrated a settled purpose to provide these things.
(3) The capacity of the natural parents to care for this child’s emotional needs is so limited that the child’s emotional well being would be endangered were she returned to the parents. The natural parents have not evidenced a settled purpose to work with one another for the child’s benefit.
(4) There is very little love, affection or emotional ties existing between the child and her natural parents. The child’s placement with the guardians is the only stable home she has ever known, and has been her longest continuous place of residence in her entire life.
(5) There is no other suitable, appropriate permanent custody arrangements appropriate for this child with maternal or paternal relatives.
20. All reasonable efforts have been made to prevent and eliminate the need for permanent commitment of this child for the purpose of adoption. It would be contrary to the welfare and best interest of this child to return her to either parent’s custody-
21. Clear and convincing evidence supports the termination of parental rights of [E.F.] and [J.M.]
As this court has previously stated, the trial court’s “determination that the evidence is clear and convincing will not be overturned unless it may be said as a matter of law that *795 no one could reasonably find such evidence to be clear and convincing.” In the Interest of D.J.S. and J.S.G., 563 So.2d 655, 662 (Fla. 1st DCA 1990). Further, even though the record may contain evidence contrary to the trial court’s determination, “it is not the function of this court to reweigh the evidence and substitute our judgment for that of the trial court.” In the Interest of R.D.D., 518 So.2d 412, 415 (Fla. 2d DCA 1988). After our review of the record on appeal relating to each of J.M. and E.F., we are unable to say that no one could reasonably find the evidence supporting termination of the parental rights of each parent to be clear and convincing.
Accordingly, we AFFIRM.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.

. These cases, which appeal the same trial court order and involve the same record on appeal, were consolidated for the purposes of appellate review.